IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JULIE ANN YARBROUGH                                                          PLAINTIFF

vs.                              Civil No. 2:12-cv-02174

CAROLYN W. COLVIN                                                  DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

       Julie Ann Yarbrough ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act. The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.**        **Background:**

       Plaintiff protectively filed her disability application on September 8, 2009. (Tr. 12, 106-112). Plaintiff alleges being disabled due to carpal tunnel syndrome, a muscle injury, headaches, mental problems, concentration and focus problems, and memory loss. (Tr. 151). Plaintiff alleges these illnesses impact her in her ability to work. *Id.* Specifically, she stated in her application: "I was escorted from the job because I needed emotional and psychological help." *Id.* Plaintiff alleges an

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

onset date of August 4, 2009. (Tr. 12, 106). This application was denied initially and again upon reconsideration. (Tr. 59-60).

Thereafter, Plaintiff requested an administrative hearing on her application, and this hearing request was granted. (Tr. 70-104). Plaintiff's administrative hearing was held on July 29, 2010 in Clarksville, Arkansas. (Tr. 36-58). Plaintiff was present and was represented by counsel, Evelyn Brooks, at this hearing. *Id.* Plaintiff and Plaintiff's husband testified at the hearing in this matter. *Id.* At this hearing, Plaintiff testified she was thirty-nine (39) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008). (Tr. 39). Plaintiff also had at least a high school education and was able to communicate in English. (Tr. 23, Finding 8).

On September 30, 2010, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 12-22). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2014. (Tr. 14, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since August 4, 2009, her alleged onset date. (Tr. 14, Finding 2). The ALJ determined Plaintiff had the following severe impairments: chronic bilateral shoulder pain, headaches, probable carpal tunnel syndrome, anxiety, and depression. (Tr. 14, Finding 3). The ALJ determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 14-16, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 16-20, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift/carry 10 pounds occasionally and less than 10 pounds frequently, sit for six hours and stand/walk for two hours. In addition, the claimant can occasionally work overhead and frequently finger and handle. Further, the claimant can do work where interpersonal contact is incidental to the work performed, where the complexity of the tasks is learned and performed by rote with few variables and little judgment required and where the supervision required is simple, direct and concrete.

(Tr. 16-20, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff was unable to perform any of her PRW. (Tr. 20, Finding 6). The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 21, Finding 10). To assist in making this determination, the ALJ submitted post-hearing interrogatories to the VE. *Id.* The VE responded to these interrogatories and stated that a hypothetical person with Plaintiff's limitations retained the capacity to perform occupations such as a production worker with 1,500 such jobs in Arkansas and 15,500 such jobs in the nation; credit authorizer with 75 such jobs in Arkansas and 16,000 such jobs in the nation; and interviewer with 500 such jobs in Arkansas and 37,000 such jobs in the nation. (Tr. 21). In accordance with that finding, the ALJ determined Plaintiff had not been under a disability as defined in the Act from August 4, 2009 through the date of his decision or through September 30, 2010. (Tr. 22, Finding 11).

On November 22, 2010, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 7-8). On May 29, 2012, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. (Tr. 1-3). On August 2, 2012, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 7-8. This case is now ready for

decision.

2. **<u>Applicable Law</u>:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive

months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.   **Discussion:**

In her appeal brief, Plaintiff raises the following four arguments for reversal: (A) the ALJ erred by failing to consider her impairments in combination; (B) the ALJ improperly considered her subjective complaints; (C) the ALJ erred in assessing her RFC; and (D) the ALJ erred in developing the record in this case. ECF No. 7 at 14-18. In response, Defendant argues that substantial evidence supports the ALJ's disability determination and substantial evidence supports his determination that Plaintiff retains the RFC to perform a limited range of sedentary work. ECF No. 8. The Court will address each of the four arguments Plaintiff raised.

### A.    Combination of Impairments

Plaintiff claims the ALJ failed to properly consider her impairments in combination. ECF No. 7 at 14-18. Specifically, Plaintiff claims the ALJ did not properly consider her subjective complaints "regarding neck and back pain, difficulty with focus and concentration, stress, fatigue and dizziness" and failed to consider her "diagnosed chronic pain, kyphosis, dysphagia, upper body pain, limited shoulder mobility, upper extremity weakness, decreased muscle strength, cognitive issues and fatigue." ECF No. 7 at 14. In response, Defendant argues the ALJ fully evaluated Plaintiff's medical records and properly considered the combined impact of Plaintiff's impairments. ECF No. 8 at 11.

Under the facts in the present case, the Court finds the ALJ properly considered Plaintiff's impairments in combination. The Social Security Act requires the ALJ to consider the combined impact of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. *See* 20 C.F.R. § 404.1523 (2012). In the present action, the Court agrees with Defendant's argument that the ALJ thoroughly reviewed Plaintiff's impairments in combination in this case. First, at Step Three of the Analysis, the ALJ determined "[t]he claimant does not have an impairment *or combination of impairments*" that meet or medically equal the requirements of a Listing. (Tr. 14, Finding 4).

Second, the ALJ properly summarized the medical records and fully analyzed Plaintiff's alleged impairments when determining her RFC. (Tr. 16-20). Notably, despite Plaintiff's argument that the ALJ failed to consider her mental limitations, the ALJ *did consider* those limitations and added a restriction that Plaintiff would only be able to "do work where interpersonal contact is incidental to the work performed, where the complexity of tasks is learned and performed by rote

6

with few variables and little judgment required and where the supervision required is simple, direct and concrete." *Id.*

These statements are sufficient in the Eighth Circuit to establish that the ALJ properly considered the combined effect of a plaintiff's impairments. *See Hajek v. Shalala,* 30 F.3d 89, 92 (8th Cir. 1994) (holding that statements such as "the evidence *as a whole* does not show that the claimant's *symptoms* . . . preclude his past work as a janitor" and "[t]he claimant's *impairments* do not prevent him from performing janitorial work . . ." sufficiently establish that the ALJ properly considered the combined effects of the plaintiff's impairments). Thus, pursuant to the Eighth Circuit's holding in *Hajek,* this Court finds the ALJ properly considered the Plaintiff's impairments in combination.

Plaintiff has alleged that she suffers from a number of different impairments. ECF No. 7. However, this Court is not required to find a plaintiff is disabled simply because he or she has alleged a long list of medical problems. The ALJ's opinion sufficiently indicates that the ALJ properly considered the combined impact of Plaintiff's impairments. (Tr. 14-20). Thus, the Court finds the ALJ properly considered Plaintiff's impairments in combination. *See Hajek,* 30 F.3d at 92.

**B.    Subjective Complaints**

Plaintiff claims the ALJ erred in evaluating her subjective complaints. ECF No. 7 at 14-18. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows:

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny,

7

(1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the Court finds the ALJ fully complied with the requirements of *Polaski*. First, the ALJ fully evaluated Plaintiff's allegations of disabling limitations. (Tr. 16-20).

---

the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

Second, the ALJ discounted those subjective complaints for legally-sufficient reasons. *Id.* Specifically, the ALJ noted the following: (1) Plaintiff engaged in extensive daily activities, including driving, shopping, and caring for herself and her children; (2) Plaintiff received unemployment benefits in 2009 and 2010 which required her to represent that she was "willing, ready, and able to work"; and (3) Plaintiff's mental health treatment was given primarily by her primary care physician and not a specialist. *Id.* In further support of his determination, ALJ noted Plaintiff's subjective complaints were not consistent with the objective medical evidence. *Id.*

As a final point, it is also worth noting that unlike other disability cases, the ALJ in this case *largely accepted* Plaintiff's subjective complaints and limited her to less than a full range of sedentary work. *Id.* Based upon these facts, the Court finds the ALJ provided sufficient reasons for discounting Plaintiff's subjective complaints of disabling limitations, and his credibility determination should be affirmed. *See Renstrom v. Astrue,* 680 F.3d 1057, 1067 (8th Cir. 2012) (holding "[b]ecause the ALJ gave good reasons for discounting Renstrom's credibility, we defer to the ALJ's credibility findings").

### C. RFC Determination

Plaintiff claims the ALJ erred in assessing her RFC. ECF No. 7 at 16. Specifically, Plaintiff argues that the ALJ's RFC determination that she can perform work on a regular and sustained basis is inconsistent with the opinions of her physicians. *Id.* Upon review, however, the Court finds Plaintiff has not referenced in this section of her briefing any specific medical records that support her alleged degree of limitations. *Id.* Indeed, in his opinion, the ALJ fully addressed Plaintiff's medical records and even placed more restrictive limitations on Plaintiff than those placed on her by the state agency medical consultants. (Tr. 20). Accordingly, Plaintiff has offered no basis for

9

reversal on this issue. Indeed, even if it were a true statement, Plaintiff's bare claim that her impairments are "well documented and supported by a wealth of medical evidence of record" does not establish she is unable to work or unable to perform a wide range of sedentary work.

### D. ALJ's Development of the Record

Plaintiff claims the ALJ did not properly develop the record and further assess her alleged mental impairments. ECF No. 7 at 17-18. Specifically, Plaintiff claims the ALJ "did not address the effects of . . . [her] . . . depression and anxiety on her physical impairments." *Id.* Plaintiff also claims the ALJ erred by neglecting "to procure an updated Mental Diagnostic Evaluation" and by failing "to obtain a Psychiatric Review Technique or Mental Residual Functional Capacity Assessment." *Id.*

In his opinion, however, the ALJ fully evaluated Plaintiff's depression and anxiety. (Tr. 16-20). Further, to the extent Plaintiff claims the ALJ erred by failing to develop the record regarding this issue, Plaintiff has not demonstrated she was prejudiced by the ALJ's alleged failure to develop the record on this issue. ECF No. 7 at 17-18. Accordingly, no remand is required. *See Onstad v. Shalala,* 999 F.2d 1232, 1234 (8th Cir. 1993) (holding that "absent unfairness or prejudice, we will not remand").

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 21st day of May 2013.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE